In the Matter of the Estate of MARY LAZAR, Deceased.

Surrogate's Court, Bronx County, December 19, 1930.

*Anderson, Moss & Merrell,* for the administrator.

*A. Winifred McLaughlin,* special guardian, for Helen Lazar.

*Alex B. Mutterperl,* for objectant Arthur Lazar.

HENDERSON, S. The administrator herein was the husband of the decedent. Objection is made to his account by the son and the special guardian for the daughter, who are the only next of kin. They seek to surcharge the administrator with the sum of $8,004.61 which they allege was lost to the estate by reason of the negligence of the administrator.

The decedent died June 12, 1929, and letters of administration were issued on June 18, 1929. The bulk of the estate consisted of securities held on margin in a stock brokerage account. The margin was over eighty per cent. The sum of $8,004.61 is the difference between the market value of the securities at the date of decedent's death and the amount realized upon their sale on October 30, 1929, and November 13, 1929. It is admitted that the administrator acted in good faith. The objectants allege that the administrator was negligent in not liquidating the brokerage account and the estate suffered a loss by reason of such negligence.

It is the duty of the administrator to convert the assets of the estate into money within a reasonable time after his appointment. What constitutes a reasonable time depends upon the circumstances of each case. No arbitrary period can be fixed within which the administrator must act, as conditions vary in each case, and he is only required to exercise the discretion, diligence and prudence which an intelligent man would exercise in a similar fiduciary capacity. He did not make these investments; he found them among the assets. It was a speculative account in high-grade securities held on a conservative margin. The account, when he took it over, had its inherent risk of loss and its possibility of profit. It was his duty to liquidate it within a reasonable time for the best interests of the estate. When to sell was a matter of judgment. It was through no fault of his that he was required to make such a decision. The test to be applied is, Was he discreet, diligent and prudent? The stocks continued to rise for over four months, and then dropped suddenly and sharply. It is all very well to say that the administrator should have sold while the market was still rising. This is a mere matter of reading the market quotations of the past. His judgment was in error, but such an error does not make him negligent. He consulted with his broker and believed that a later sale would be more advantageous to the estate. The break in the stock market with its precipitous decline in the price of securities could not have been reasonably anticipated by the administrator. It was an unusual occurrence, for no such general and severe decline has ever occurred before. Many shrewd and intelligent men of large affairs were unprepared for it and did not anticipate it. I find that the handling of the brokerage account herein by the adminis-

trator does not indicate lack of prudence, intelligence, diligence and discretion, and that he did not delay an unreasonable time in liquidating the account. (*Matter of Thompson*, 41 Misc. 420; affd., 87 App. Div. 609; affd., 178 N. Y. 554.)

The objections of Arthur Lazar and of the special guardian are dismissed. Settle decree accordingly.